IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOPE LEE-THOMAS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. CBD 08-3327 |
| | ) |
| PRINCE GEORGE'S COUNTY | ) |
| PUBLIC SCHOOLS | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Before this Court is Defendant's Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 26) and Plaintiff's Motion to Amend Complaint ("Plaintiff's Motion")(Docket Item No. 29). The Court has reviewed Defendant's Motion and Plaintiff's Motion, and the related memoranda. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby GRANTS Defendant's Motion for Summary Judgment as to all claims in excess of $100,000.00. Plaintiff's Motion is GRANTED, and Defendant shall have 21 days to file an Amended Answer.

### I.    Background

Plaintiff alleges that Defendant Prince George's County Board of Education has violated her rights under the American with Disabilities Act of 1990 ("ADA"), as a result of its failure to provide "reasonable accommodations" for Plaintiff's hearing disability. Defendant contends that as an arm of the State of Maryland, it is immune from suit for money damages in federal court pursuant to the Eleventh Amendment to the U.S. Constitution. Substantively, Defendant also

1

states that it has fully accommodated Plaintiff and that Plaintiff has suffered no damages from lost wages.

By way of example, Defendant contends that it installed flashing strobe light fire alarms when Plaintiff worked at Morningside Elementary School. These alarms were placed at strategic locations where Plaintiff typically worked at the school. Defendant also states Plaintiff requested and received an easy FM listener and a portable loop system.

Plaintiff contends that Defendant did nothing on a timely basis about her numerous requests for equipment. She waited years for the flashing light alarms. Plaintiff states she received the easy FM listener a full two years after her repeated requests, and that upon receipt, discovered that it did not work properly. Plaintiff reports that Defendant has made no attempts to repair the device, and to this day has not received a working device. After years of requests, Plaintiff claims the portable loop system was delivered without being assembled. Plaintiff's requests for assembly of the equipment have been allegedly ignored and she continues to work without the benefit of the device.

As presented, these raging factual disputes are not capable of resolution by way of summary judgment. Deserving of greater attention however, is the legal question of sovereign immunity. The Court will address this concern below.

## II.     Discussion

### A.     <u>Standard of Review</u>

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is

one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248-49.  However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).  The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.  Although motive is a critical factual issue in employment discrimination cases, summary judgment is appropriate if, as a matter of law, the plaintiff cannot prevail on their claim.  *Evans v. Techs. Applications & Svcs. Co.*, 80 F.3d 954, 958-9 (4th Cir. 1996).

    **B.**    <u>**Analysis**</u>

When a state legislature elects to waive sovereign immunity, the language it uses is critical.  Defendant guides the Court to the often quoted principle of the Supreme Court, most recently found in <u>Atascadero State Hospital v. Scanlon,</u> 473 U.S. 234 (1985).

> Thus we have held that a State will be deemed to have waived its immunity 'only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.'

<u>Id.</u>, at 239-40. Case law equally provides that although "a State's general waiver of sovereign

3

immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." Florida Dept. of Health v. Florida Nursing Home Ass'n., 450 U.S. 147, 150 (1981). The Supreme Court has repeatedly stated that the intention of a state to be subject to suit in federal court must be set forth with great clarity. For purposes of the present action, clarity has recently arrived by way of the Court of Appeals of Maryland.

In Board of Education v. Zimmer-Rubert, 409 Md. 200, 973 A. 2d 233 (2009), the highest court in Maryland gave careful analysis to the issue at bar. The context is extremely similar, in that Ms. Zimmer-Rubert was pursuing a federal claim for discrimination under the Age Discrimination in Employment Act, whereas here, Plaintiff is seeking relief under the ADA. Both contend that suits against state boards of education are permitted under Md. Code. Ann., Cts. & Jud. Proc. § 5-518 (c). The Zimmer-Rubert decision made it clear that this statutory immunity also waives any immunity the state might enjoy under the Eleventh Amendment to the United States Constitution.

Earlier decisions from the federal court in Maryland did not have the benefit of the reasoning from the Maryland Court of Appeals regarding the intent of the Maryland legislature. Zimmer-Rubert changes one of the critical factors for this Court to consider regarding the ability of the State to be sued in federal court. Both Beckham v. National Railroad Passenger Corp., 569 F. Supp. 2d 542 (D. Md. 2008) and Palotai v. University of Maryland, 959 F. Supp. 714 (D. Md. 1997) rely upon different statutes which the Court of Appeals has not addressed. After a careful review of the Maryland statute, legislative history and federal case law, the Zimmer-Rubert court concluded that by way of very broad and unambiguous language, Maryland has in fact subjected its boards of education to suit, and to suit in federal court. The result of the

Zimmer-Rubert decision is the "implication" that leaves "no room for any other reasonable construction" of the statute.  See Atascadero State Hospital, at 239-40.  The Court concluded that the statute "waives the Board's governmental immunity, including its Eleventh Amendment immunity, for all claims in the amount of $100,000 or less."  Zimmer-Rubert, at 243.

### III.   Conclusion

The Court grants Plaintiff's Motion and accepts for filing the Amended Complaint. Plaintiff's Amended Complaint abandons the pursuit of damages in excess of Maryland's $100,000 limit, as well as back pay, "future pay," and punitive damages which are not recoverable under the ADA.  Defendant shall have 21 days to file an Amended Answer.

The Court will enter a separate Order consistent with this opinion.

February 5, 2010                                          /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/bab