UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

June 8, 2010

**VIA ELECTRONIC FILING**

L. Jeanette Rice, Esquire
Walsh, Becker, Moody & Rice
14300 Gallant Fox Lane, Suite 218
Bowie, Maryland 20715

Linda Hitt Thatcher, Esquire
Abbey G. Hairston, Esquire
Robert J. Baror, Esquire
Thatcher Law Firm
7849 Belle Point Drive
Greenbelt, Maryland 20770

Re: Hope Lee-Thomas v. Board of Education of Prince George's County
Civil Action No. CBD-08-3327

Dear Counsel:

On February 5, 2010, this Court issued an opinion granting Defendant's Motion for Summary Judgment as to all claims in excess of $100,000, while simultaneously allowing Plaintiff to file an Amended Complaint. Presently before the Court is Defendant's Motion for Reconsideration ("Defendant's Motion")(Docket Item No. 44). The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby DENIES Defendant's Motion.

In granting Defendant's Motion for Summary Judgment, the Court took a long look at the state immunity law in light of the recently issued decision from the Maryland Court of Appeals, Board of Educ. v. Zimmer-Rupert, 409 Md. 200, 973 A. 2d 233 (2009). The Zimmer-Rupert court made clear that suits against boards of education were permitted under Md. Code. Ann., Cts. & Jud. Proc. §5-518(c), and that the waiver of statutory immunity also applied to claims brought in federal court in the face of assertions of Eleventh Amendment immunity. This was the first time the Court of Appeals had the opportunity to consider the impact of the statute, and the court's decision represented a seismic shift from decisions involving other statutes. This Court found that the principles applied by the Zimmer-Rupert decision were applicable to the present case presenting claims asserted under the Americans with Disabilities Act ("ADA").

In Defendant's Motion, Defendant contends that the Zimmer-Rupert analysis is based upon non-binding dicta inapplicable to the federal courts, that the statute is lacking in specificity to confer federal court jurisdiction, and that this Court's permitting Plaintiff to pursue her claims up to the $100,000 level flies in the face of rulings by two District Judges of this Court.

The Court will first consider the decision of Honorable Alexander Williams in <u>Savoy v. Charles County Pub. Sch.</u>, AW-09-788, 2010 WL 481345 (D. Md. Feb. 5, 2010). Ironically, this decision was issued on the same day as this Court's ruling on Defendant's Motion for Summary Judgment. In <u>Savoy</u>, Judge Williams considered a plaintiff's claim for a violation of his civil rights under 42 U.S.C. 1981. The Court found that the defendant enjoyed Eleventh Amendment immunity and dismissed the claim. In doing so, he stated that there was no express waiver of immunity under the statute, and that the general waiver of sovereign immunity was insufficient. The Court restated for emphasis that the statute "does not include a clause explicitly subjecting the state to suit in federal court." <u>Id.</u>, at *3.

This Court does not take issue with the lack of an "express" or "explicit" waiver. As stated in the memorandum opinion, this Court found in the <u>Zimmer-Rupert</u> decision the "implication" that leaves "no room for any other reasonable construction" of the statute. This is the alternative prong of the immunity analysis which meets constitutional muster in the eyes of the Supreme Court. <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 239-40 (1985). The federal courts are looking for a clear intention by a state to be subject to suit in the federal courts. As stated by Maryland's highest court, that intention has been clearly expressed.

It is also worth noting that the <u>Savoy</u> decision was not decided guided by the Court of Appeals' <u>Zimmer-Rupert</u> decision. <u>Savoy</u> relied upon the earlier reasoning of the Court of Special Appeals, and then only for the point that the "county boards of education are state entities entitled to Eleventh Amendment immunity." <u>Savoy</u>, at *3. It is only the later decision from the Court of Appeals that amplifies the tension presented here.

Interestingly, the Court of Special Appeals also reasoned that in this area of litigation, the Eleventh Amendment provides no safe harbor. Following the decisions in <u>Port Auth. Trans-Hudson Corp. v. Feeney</u>, 495 U.S. 299, 110 S. Ct. 1868 (1990) (consent to suit in federal court must be express and general consent to suit provisions, standing alone, are insufficient to waive Eleventh Amendment immunity), and <u>Florida Dept. of Health and Rehab. Servs. v. Florida Nursing Home Ass'n</u>, 450 U.S. 147, 101 S. Ct. 1032 (1981) (waiver allowed only where there is the most express language or by such overwhelming implications as to leave room for no other reasonable construction), the General Assembly of Maryland enacted §5-518(c) prohibiting a board of education from raising the Eleventh Amendment immunity. The court went on to state

> Furthermore, the lack of a venue provision is of no consequence because . . . Eleventh Amendment immunity may be asserted by the State in either federal or state courts. Thus, there is no need for C.J. §5-518(c) to specifically indicate a consent to suit in federal court.

<u>Zimmer-Rupert v. Board of Educ.</u>, 17 Md. App. 589, 947 A.2d 135, 149 (2008). The court opined that the statute was not a "general waiver," and that

> the words 'any claim' cannot reasonably be read to exclude certain categories of claims. The General Assembly left no room for any other reasonable construction. The plain and unambiguous meaning of the statutory text is that appellee cannot assert sovereign immunity as a defense to 'any' claim under $100,000.

Id. The Maryland intermediate appellate court felt so strongly about the "plain and unambiguous" language of the statue, that no member of the court registered a dissent. Surprisingly, the Court of Appeals signed on with the same degree of conviction. Not a voice in dissent was heard. As stated in the opening paragraph of the decision

> The issue is essentially one of statutory interpretation, and we conclude that §5-518(c) waives the Board's governmental immunity, meaning its general sovereign immunity and the immunity guaranteed by the Eleventh Amendment to the United States Constitution, for all claims in the amount of $100,000 or less. Therefore, we shall affirm the judgment of the Court of Special Appeals.

Zimmer-Rupert, 973 A.2d at 233. The court clearly explained that historically, it has strictly construed waivers in favor of maintaining the sovereignty of the state and that such waivers should not be "accomplished by judicial fiat." Id., at 240. Nonetheless, in this instance a waiver was intended by the legislature. Both the Court of Appeals, and the Court of Special Appeals, reached the identical conclusion in interpreting the statute.

To suggest that the Zimmer-Rupert court was expressing mere dicta, does a disservice to the degree of attention the court gave to the subject of Eleventh Amendment immunity. In its lengthy footnote six, the court acknowledged the conflicts in the national understanding of Eleventh Amendment immunity. After showcasing various decisions in Maryland and from across the country, the Court of Appeals' conclusion was emphatically restated.

> Notwithstanding, we need not resolve that conflict in this case, for we conclude that the plain language of §5-518(c) of the Courts and Judicial Proceedings Article waives all of the Board's governmental immunity, including its Eleventh Amendment immunity, to claims of $100,000 or less.

Id., 973 at 241 n.6. The Court of Appeals decision is replete with references to the implication of federal constitutional law and the attendant consequences of its decision. The court even looked to the legislative history of the act to seize upon the intent of the drafters of the statute. The breadth and depth of analysis in Judge Greene's decision far exceeds the notion of passing dicta.

Defendant next relies upon <u>Hanifee v Board of Educ. of Kent County</u>, RDB-09-2381, 2010 WL 723772 (D. Md. Feb. 24, 2010), a decision by the Honorable Richard Bennett in a suit alleging federal claims under 42 U.S.C. 1983. The nature of the claim was dispositive, as Judge Bennett drew a sharp distinction between cases asserting claims under §1983, and the claim in the <u>Zimmer-Rupert</u> decision involving age discrimination. He made clear that unlike an age discrimination claim, 1983 actions cannot be expanded by the states, and the statute has "never been amended by Congress to make it applicable to damages claims against the states or their agencies." <u>Id.</u>, at *5. A state simply cannot be sued as a "person" in a 1983 action. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 490 U.S. 58, 64, 109 S. Ct. 2304, 2308 (1989). As stated by Judge Bennett, "Congress never intended to subject the states or state agencies to liability under 42 U.S.C. §1983 in the first place." <u>Hanifee</u>, at *5. Such cannot be said of the ADA claims in the present case. Defendant's reliance on <u>Hanifee</u> is misplaced and does not alter the original findings of this Court.

Defendant's position sadly meanders from the notion that the <u>Zimmer-Rupert</u> court engaged in mere dicta, into the far more dangerous zone of declaring that the highest court of Maryland "misinterprets the plain meaning" of the statute. Counsel makes troubling assertions about the court's "casual declaration," "lax reading," and its election to "misconstrue the English language." Citizens of Maryland should promptly flee the state if Defendant is correct in believing that every Maryland appellate judge who has considered the issues in <u>Zimmer-Rupert</u> has been so derelict in duty. It is a dark day indeed if the state courts of final review have engaged in such an "amazing reinterpretation of the English language," while counsel can make short work of the court's opinion "after a quick perusal of the dictionary." Disagreements in the law are expected. Most surprising, however, is the inference that this opinion from the Court of Appeals was reached without serious and professional effort. As this member of the bench has likewise not acquiesced to Defendant's views, it is inevitable that this present opinion of the court is destined for a place far less revered.

Despite the informal nature of this ruling, it should be flagged as an opinion and docketed as an order.

        Very truly yours,

        /s/

        Charles B. Day
        United States Magistrate Judge

CBD/bab